NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1768 |
| Plaintiff - Appellee, | D.C. No. 3:22-cr-00389-RS-1 |
| v. | |
| LUIS CRUZ, AKA Luis Arias, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted January 15, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and DE ALBA, Circuit Judges.

Luis Cruz appeals the district court's decision not to apply a safety valve

adjustment pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a) at his

sentencing. Cruz also appeals the district court's decision not to hold an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidentiary hearing when it determined his ineligibility for a safety valve adjustment. Cruz's appeal is timely. *See* Fed. R. App. P. 4(b)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

1. Cruz argues the district court clearly erred when it found him ineligible for safety valve relief. The safety valve provision permits district courts to impose a sentence below the otherwise-applicable mandatory-minimum if a defendant satisfies five criteria, which include that "the defendant did not . . . possess a firearm or other dangerous weapon . . . in connection with the offense." 18 U.S.C. § 3553(f)(2). It is a defendant's burden to "prov[e] safety valve eligibility by a preponderance of the evidence." *United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007).

The district court found that Cruz had possessed a knife in connection with the drug offenses for which he was being sentenced. Cruz admitted to possessing a 10- or 12-inch knife that officers found in his backpack, which also contained more than a kilogram of narcotics, a digital scale, and drug packaging materials. In light of other evidence before it, the district court did not clearly err in declining to credit Cruz's assertion that he had forgotten to remove the large knife from the backpack before he loaded it with drugs. Additionally, Cruz had been arrested for a drug offense two years before his arrest for the instant offenses and, during that

previous arrest, officers found an approximately 10- or 12-inch knife in the vehicle Cruz was using to transport narcotics.

We find the district court did not clearly err when it determined Cruz had not carried his burden of showing, by a preponderance of the evidence, that he met the requirements of the safety valve's second criterion.

2. Cruz argues the district court abused its discretion when it declined to hold an evidentiary hearing about the applicability of the safety valve. "[T]here is no general right to an evidentiary hearing at sentencing" and a "district court has discretion to determine whether to hold such a hearing." *United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996) (citing, respectively, *United States v. Kimball*, 975 F.2d 563, 568 (9th Cir.1992) and *United States v. Montoya*, 45 F.3d 1286, 1291 (9th Cir. 1995)). A "district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Reed v. Lieurance*, 863 F.3d 1196, 1208 (9th Cir. 2017) (internal citations omitted).

The district court provided the parties with reasonable opportunities to present information to the court. Cruz filed a written sentencing memorandum one week before sentencing, which included factual details relevant to the district court's safety valve determination. Cruz failed to avail himself of the opportunity to propose additional evidence per the local rules. *See* N.D. Cal. Crim. R. 32-5(d)

(stating that, in a request for an evidentiary hearing, a movant should set forth "[t]he names of the witnesses to be called and a description of their proposed testimony"). Cruz's counsel had no specific proposal when asked by the district court what would be covered at an evidentiary hearing, nor did he suggest that Cruz wanted an opportunity to testify.

We find that the district court did not abuse its discretion in declining to hold an evidentiary hearing.

**AFFIRMED.**